**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **JOHNNY STEPHEN JOHNSON,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **3:09-CV-1023-B** |
| | § | |
| **S. BUENTELLO, et al.,** | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in

implementation thereof, this case has been referred to the United States Magistrate Judge for

findings, conclusions and recommendation.  The findings, conclusions and recommendation of

the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:  This is a *pro se* civil action brought pursuant to 42 U.S.C. § 1983 by a

former state prisoner, who is presently serving the remainder of his sentence on mandatory

supervision/parole.

Parties:  Plaintiff is a resident of Dallas, Texas.  Defendants are S. Buentello and Pam

Williams of the Bureau of Classification and Records, TDCJ Executive Directors Wayne Scott

and John Doe Director from 2002-05, Division Head for the State Counsel for Offenders James

Miller and John Doe Division Head from 2001-05, and Legal Assistants for the State Counsel for

Offenders S. McGinty and T K Partin.

No process has been issued in this case pending preliminary screening.  On June 15,

2009, the magistrate judge issued a questionnaire to Plaintiff, who filed his answers thereto on

July 20, 2009.

Statement of the Case: The complaint, as supplemented by the answers to the magistrate judge's questionnaire, alleges Defendants made errors in processing time credit disputes between 2001-2005 when Plaintiff was incarcerated within the Texas Department of Criminal Justice (TDCJ). According to Plaintiff, these errors have adversely affected the total time he is serving on his sentences. He seeks injunctive and monetary relief.

A brief procedural history follows:

On September 7, 1999, Plaintiff pleaded guilty to two offenses – unlawful possession of a controlled substance, and unlawful possession of a firearm by a felon – in Criminal District Court No. 3 of Dallas County, cause numbers F97-03426 and F98-52316. (Answer to Question 1). Punishment was assessed at six years imprisonment. *Id.* Both convictions were affirmed on direct appeal. *State v. Johnson*, Nos. 05-99-01730-CR and 05-99-01731-CR (Tex. App., Dallas Jan. 31, 2001, pet. ref.).

During the service of the above sentences, TDCJ twice released Petitioner on mandatory supervision or parole, on May 21, 2003, and again on May 24, 2006. (Answer to Question 2). Since his last release on parole, Petitioner was twice arrested on the basis of a blue warrant, on March 4, 2007, and May 14, 2008. (Answer to Questions 3-4). On both occasions, however, his parole was reinstated. (*Id.*).

Findings and Conclusions:  The court permitted Plaintiff to proceed *in forma pauperis*. His complaint is, thus, subject to screening under 28 U.S.C. § 1915(e)(2)(B), which imposes a screening responsibility on the district court. That section reads in pertinent part as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the

2

action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827 (1989).

Plaintiff's complaint is clearly time barred.  More than two years have elapsed since the events giving rise to his claims occurred.  *See Owens v. Okure*, 488 U.S. 235, 249-50, 109 S. Ct. 573, 582 (1989); *Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006) (§ 1983 actions in Texas are governed by the two-year personal injury limitations period; court can raise affirmative defense of statute of limitations *sua sponte* in *in forma pauperis* actions); Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (Vernon Supp. 2009).  In answer to the questionnaire, Plaintiff concedes that each of the named Defendants acted or failed to act between 2001 and 2005.  (*See* Answer to Question 5).

Even assuming Plaintiff did not become aware or have sufficient information to know that he had suffered an injury until May 31, 2007 (when his parole was re-instated and he allegedly learned that he had served more than eight years), his complaint is still time barred. *See Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993) ("Under federal law, a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action.").  Under this scenario, the two-year period began on June 1, 2007, and expired on June 1, 2009.  The court received and filed Plaintiff's complaint on June 3, 2009, two days too late. The "mailbox rule" (which in *Cooper v. Brookshire,* 70 F.3d 377, 379 (5th Cir. 1995), was

3

extended to civil rights actions filed by prisoners) is inapplicable to this case because Plaintiff was not a prisoner at the time of filing the complaint.

Moreover, Plaintiff cannot demonstrate that he is entitled to equitable tolling of the limitations period.  Tex. Civ. Prac. & Rem. Code Ann. § 16.001 (West  2009).  Nor does his imprisonment act to toll the statute of limitations under Texas law.  *Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998).

Accordingly, Plaintiff's complaint clearly lacks an arguable basis in law and should be dismissed as frivolous.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the complaint be DISMISSED with prejudice as frivolous.  *See* 28 U.S.C. § 1915(e)(2)(B)(i).

Signed this 13th  day of October, 2009.


WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE


NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed

4

determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.