IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHNNY STEPHEN JOHNSON,<br>    Plaintiff, | §<br>§<br>§ | |
| v. | § | 3:09-CV-1023-B |
| S. BUENTELLO, et al.,<br>    Defendants. | §<br>§<br>§ | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court filed on December 3, 2009, Plaintiff's November 23, 2009 motion for reconsideration has been referred to the United States Magistrate Judge for findings, conclusions and recommendation. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

On January 4, 2010, following the referral of Plaintiff's motion for reconsideration, the court granted Plaintiff twenty-one days to submit a brief in support. On January 29, 2010, Plaintiff sought an extension until February 1, 2010 to file a brief in support. As of the filing of this recommendation, Plaintiff has failed to submit the requested brief. Therefore, the court proceeds to rule on his motion for reconsideration.

On October 13, 2009, the magistrate judge recommended that Plaintiff's complaint be dismissed with prejudice as barred by the two-year statute of limitations. On October 29, 2009, having received no objections, the court accepted the recommendation and entered judgment dismissing the complaint with prejudice as frivolous. Plaintiff filed his objections on October 30, 2009, and, on November 23, 2009, he filed the motion for reconsideration presently at issue.

Since Plaintiff filed his objections within 10 days of judgment, they are construed as a

Fed. R. Civ. P. 59(e) motion for reconsideration. *See Mangieri v. Clifton,* 29 F.3d 1012, 1015 n. 5 (5th Cir. 1994) ("A motion for reconsideration is 'deemed to arise under Rule 59 if filed within rule 59's ten-day time limit' regardless of the label applied to the motion."); *United States v. Gallardo,* 915 F.2d 149, 150 n. 2 (5th Cir.1990) (per curiam) (liberally construing objections as a Rule 59(e) motion for reconsideration because filed within ten days of the judgment). There are four general grounds on which a court may alter or amend a final judgment under Rule 59(e): (1) new evidence has become available; (2) it is necessary to correct manifest errors of law or fact upon which the judgment is based; (3) it is necessary to prevent manifest injustice; or (4) the existence of an intervening change in the controlling law. *See, e.g., In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002); *Peterson v. Cigna Group Ins.,* 2002 WL 1268404, at *2 (E.D. La. 2002). A party may not use a Rule 59(e) motion to relitigate issues that "should have been urged earlier or that simply have been resolved to the movant's dissatisfaction." *Peterson,* 2002 WL 1268404, at *2. It is within the court's discretion to reopen a case under Rule 59(e). *Weber v. Roadway Exp., Inc.*, 199 F.3d 270, 276 (5th Cir. 2000).

Plaintiff fails to make the requisite showing under Rule 59(e). His motion is conclusory at best and he has not submitted a brief in support as previously ordered by the court. Insofar as he seeks to reiterate the issues rejected in the findings, conclusions and recommendation and the order accepting the same, his request for Rule 59(e) relief is clearly meritless.

Plaintiff's motion for reconsideration fares no better. Since it was not filed within ten days of judgment, the court liberally construes it as seeking relief under Rule 60(b), of the Federal Rules of Civil Procedure. Rule 60(b)(1) through (b)(5), which address inadvertence, excusable neglect, newly discovered evidence, fraud, and misrepresentation, do not apply in this

case. Rule 60(b)(6) provides that "the court may relieve a party . . . from a final judgment . . . [for] any other reason justifying relief from the operation of the judgment." Relief under this subsection is available "'only if extraordinary circumstances are present.'" *Gov't Fin. Serv. One Ltd. P'ship v. Peyton Place, Inc.*, 62 F.3d 767 (5th Cir. 1995) (quoted case omitted). Clearly Petitioner has not alleged that "extraordinary circumstances" are present in this case.

RECOMMENDATION:

For the foregoing reasons, it is recommended that Plaintiff's motion for reconsideration (Doc. #10) be DENIED, and that his motion for enlargement of time to file a brief in support (Doc. #14) be DENIED as moot.

Signed this 8th day of February, 2010.

*[signature]*
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.